# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-cr-789 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| BRAD LADD, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On May 10, 2024, the Court denied the motion of defendant Brad Ladd ("Ladd") to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 57 (Memorandum Opinion and Order); *see* Doc. Nos. 41, 48 (Motion to Reduce Sentence).) The Court determined that Ladd was eligible for consideration of a sentence reduction because Ladd's amended advisory guideline range was lowered by the application of Part A of Amendment 821, due to the fact that his status points were reduced by one point, resulting in fewer criminal history points and a lower criminal history category. (Doc. No. 57, at 4.) Nevertheless, the Court concluded that the sentencing factors set forth in 18 U.S.C. § 3553(a) did not warrant a sentence reduction. (*Id*. at 5–6.) Additionally, the Court found that—given the substantial benefit Ladd received from his Fed. R. Crim. P. 11(c)(1)(C) plea agreement that resulted in a sentence well below the amended advisory guideline range—a further sentence reduction "based on a guidelines amendment that would have had no appreciable effect on his sentence would result in an unjustified windfall for Ladd that would defeat the purposes of

sentencing." (*Id*. at 8.)

Now before the Court is Ladd's motion for an order reducing his criminal history points. (Doc. No. 62 (Motion to Reduce Criminal History Points).) Specifically, he "seeks an order acknowledging that his criminal history point score (and category) have been reduced by Amendment 821." (*Id*. at 1.) He argues that a "lower criminal history point score will impact the recidivism score in the Bureau of Prisons ('BOP')." (*Id*. (citing Doc. No. 62-1 (Prison Records)).)

The Court is without authority to afford Ladd the relief he seeks. Because the Court has determined that Ladd is not entitled to a sentence reduction under Amendment 821, Part A, the Court may not utilize the Amendment to revisit any aspect of his sentence. Moreover, Ladd has failed to identify any other source of authority—whether it be constitutional, statutory, or rule—by which the Court may act. *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" (citations omitted)); *see also United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009) (The sentencing court has no inherent authority to modify an otherwise valid sentence). Because there is no basis upon which the Court may amend defendant's criminal history score under the present circumstances, Ladd's motion is denied.[1] *See, e.g., United States v. Nesbitt*, 5:17-cr-97, 2024 WL 2303809, at *2 (E.D. Ky. May 21, 2024) (denying defendant's motion to direct the United States Probation Office to amend defendant's presentence report to reflect the deduction of "status points" where defendant was not

---

[1] Rule 36 of the Federal Rules of Criminal Procedure permits a district court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Ladd has not argued that the criminal history score and criminal history category the Court assigned at sentencing were the result of a clerical error or an error resulting from oversight or omission. Additionally, while Rule 32 provides a mechanism by which a defendant may object to a presentence report "[w]ithin 14 days" after receiving the report," Ladd did not timely object to the PSR in accordance with that rule. *See* Fed. R. Crim. P. 32(f)(1).

entitled to a sentence reduction under Amendment 821 and collecting cases); *United States v. DeJournett*, No. 5:13-cr-513, 2024 WL 1580102, at *3–4 (N.D. Ohio Apr. 11, 2024) (denying motion for court to "recognize" that defendant's criminal history category had been lowered by Amendment 821 where defendant was not otherwise entitled to a sentence reduction under the Amendment).[2]

Further, to the extent that Ladd is asking the Court to review the BOP's determination regarding his security level and eligibility for various programs and incentives tied to an inmate's risk assessment, the "BOP and *not* the sentencing court is responsible for classification determinations and placement decisions[.]" *See, e.g., United States v. Williams*, No. 2:15-cr-69, 2024 WL 911591, at *3 (D. Maine Mar. 4, 2024) (rejecting similar argument that Amendment 821 empowered the district court to reduce defendant's criminal history score (citing, among authority, *Tapia v. United States*, 564 U.S. 319, 331, 131 S. Ct. 2382, 180 L. Ed. 2d 357 (2011))). To the extent Ladd believes that the BOP has incorrectly administered his sentence, including his risk classification and any consequences resulting from the classification, his remedy lies in a civil rights action under 28 U.S.C. § 1331. *See Benningfield v. Snyder-Norris*, No. 15-cv-115, 2016 WL 1271027, at *2 (E.D. Ky. Mar. 29, 2016) (collecting cases).

---

[2] In *Nesbitt*, the district court rejected the same unreported, out-of-circuit case upon which Ladd now relies—*United States v. Hernandez*, No. 3:21-cr-153, 2023 WL 7238491 (S.D. W. Va. Nov. 2, 2023)—because the district court there identified no authority upon which a district court may amend a PSR to reflect a lower criminal history category after denying a motion to reduce a sentence under Amendment 821. *Id*. at *1; (*see* Doc. No. 62, at 2 (citing Doc. No. 62-1 (Hernandez Decision)).)

For the foregoing reasons, Ladd's motion for an order reducing his criminal history points (Doc. No. 62) is denied.

**IT IS SO ORDERED**.


Dated: August 5, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**