# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:21-cr-789 |
| ) | |
| PLAINTIFF, ) | CHIEF JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| BRAD LADD, ) | |
| ) | |
| DEFENDANT. ) | |

Before the Court is the *pro se* motion of defendant Brad Ladd ("Ladd") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 50 (§ 2255 Motion).) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 60 (Response to § 2255 Motion).) Ladd did not file a reply in support of his motion, and the time for submitting such a filing has passed. (*See* Doc. No. 51 (Briefing Order).) For the reasons set forth herein, the motion to vacate is denied.

## I. BACKGROUND

On October 28, 2021, a federal indictment issued charging Ladd with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. (Doc. No. 14 (Indictment).) With the assistance of counsel and the benefit of a Rule 11(c)(1)(C) plea agreement, Ladd entered a plea of guilty to the charge in the indictment on January 17, 2023. (Minutes of Proceedings [non-document], 1/17/2023; *see* Doc. No. 33 (Notice of Intent); Doc. No. 34 (Plea Agreement).)

The plea agreement contained a broad waiver provision restricting Ladd's appellate rights including his right to take a direct appeal and a collateral attack of his sentence. With respect to the latter, the waiver provision generally precluded the filing of "a proceeding under 28 U.S.C. § 2255." (Doc. No. 34 ¶ 17.) Carved out of the waiver was the right to appeal: "(a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in [the] agreement, using the Criminal History Category found applicable by the Court." (*Id.*) The waiver further provided that "[n]othing in [the waiver] shall act as a bar to [Ladd] perfecting any legal remedies [Ladd] may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct." (*Id.*)

At the sentencing hearing on May 11, 2023, the Court determined that Ladd's extensive criminal history resulted in a criminal history category VI. (Doc. No. 44 (Transcript from Sentencing Hearing), at 9[1]; *see also* Doc. No. 37 (Final PSR), at 10 ¶ 41.) At an offense level 33, criminal history category VI, the advisory guideline range was 235–293 months. (*See also* Doc. No. 37, at 15 ¶ 75.) After further agreed upon reductions, the advisory guideline range was 151–188 months, based on an offense level of 29 and a criminal history category of VI. (*Id.* at ¶ 76.)

The Court, nevertheless, honored the parties' Rule 11(c)(1)(C) agreement and sentenced Ladd to the negotiated term of 84 months imprisonment, with credit for time served. (Doc. No. 39 (Judgment); Minutes of Proceedings [non-document], 5/11/2023; Doc. No. 44, at 10–11.) In order

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

to impose this sentence, the Court was required to apply an additional 3-level downward variance to arrive at a total offense level of 22, with a corresponding advisory guideline range of 84–105 months. (*See* Doc. No. 40 (Statement of Reasons), at 4.) (This resulting range was 7 levels lower than the range as properly calculated in the PSR.) In addition, the Court imposed a 10-year term of supervisory release. (Doc. No. 39, at 3.)

> The Court explained its decision regarding supervision as follows:
>
> Mr. Ladd benefits greatly from the parties' agreed upon sentence. With extreme reluctance, the court will accept the parties' proposed custody term. But in order for the sentence to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense and protect the public from further crimes of Mr. Ladd, the court will require that Ladd be supervised for a lengthy period of time to make sure that he remains crime free.

(Doc. No. 44, at 10.)

On May 10, 2024, the Court denied Ladd's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 57 (Memorandum Opinion); *see* Doc. Nos. 41, 48 ( collective, Motion to Reduce Sentence).) While the Court determined that Ladd was eligible for consideration of a sentence reduction under Amendment 821 because the amended advisory guideline range applicable prior to the Court's acceptance of the parties' Rule 11(c)(1)(C) agreement was lowered by Part A, it denied Ladd's motion because the sentencing factors set forth in 18 U.S.C. § 3553(a) did not support a sentence reduction. (Doc. No. 57, at 5–6.) Additionally, the Court explained that Ladd's negotiated sentence was below the new advisory guideline calculation of 100–125 months using the base level offense agreed to by the parties. (*Id*. at 7.) In so ruling, the Court observed that:

> [i]n the final analysis, the parties' agreement created an expectation that Ladd would serve the time of his stipulated sentence instead of risk the much higher sentence he would have likely received had the Court considered the purity of the

3

drugs in question and not varied substantially downward. Even if Ladd would have been scored as a criminal history category V at the time of sentencing, the Court would have still accepted the Rule 11(c)(1)(C) agreement and imposed the binding 84-month custody term. Thus, to reduce Ladd's sentence further based on a guidelines amendment that would have had no appreciable effect on his sentence would result in an unjustified windfall for defendant that would defeat the purposes of sentencing.

(*Id*. at 7–8 (collecting cases).)

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A §

4

2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Indeed, "[b]ecause courts must be able to rely on a defendant's statements during a plea colloquy, 'allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Caruthers v. United States*, No. 3:07-cr-0635, 2008 WL 413631, at *5 (M.D. Tenn. Feb 12, 2008) (quoting *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)). Therefore, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Posey v. United States*, No. 3:20-cv-00121, 2020 WL 2129235, at *9 (M.D. Tenn. May 5, 2020) (quoting *Lemaster,* 403 F.3d at 221–22). That is because "[t]he plea colloquy process exists in part to prevent defendants from making such claims [of misrepresentation and a lack of understanding]." *Barnett v. United States,* No. 2:10-cr-116, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (citing *Ramos v. Rogers*, 170 F.3d 560, 560–66 (6th Cir. 1999)). "Otherwise, a defendant could plead guilty in the hope of obtaining favorable treatment during sentencing while reserving the right to raise all manner of constitutional claims if the result of the sentencing process was not as he had hoped."

5

*Id.* at *7.

Accordingly, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See generally Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Ladd waived his right to bring a collateral attack on his sentence. Additionally, the uncontracted record demonstrates that Ladd's motion is otherwise entirely without merit.

### III. DISCUSSION

In his motion to vacate, Ladd raises four grounds for relief: judicial misconduct (Ground One), abuse of discretion (Ground Two), ineffective assistance of counsel (Ground Three), and "the new law 821 Amendment" (Ground Four). (Doc. No. 50, at 4–8.) The first two grounds for

relief challenge the Court's decision to impose a 10-year period of supervisory release. (*Id*. at 4–5.) Ground Three addresses the trial counsel's failure to raise Grounds One and Two at the time of sentencing, and Ground Four requests a sentence reduction under Amendment 821, Part A. (*Id*. at 7–8.)

The government argues that the waiver provision in the plea agreement bars the first two grounds for relief, and that, given the waiver, trial counsel could not have been ineffective for failing to raise the sentencing issue in Grounds One and Two. (Doc. No. 60, at 4.) The government further notes that the Court's May 10, 2024 ruling on Ladd's motion to reduce his sentence forecloses consideration of Ground Four. (*Id*. at 1 (citing Doc. No. 57).) The Court agrees with the government on all counts.

A. **All Grounds Relating to Ladd's Sentence are Waived**

As an initial matter, Ladd is procedurally barred from pursuing his attack upon his period of supervised release in a § 2255 motion because he voluntarily forfeited this right pursuant to his plea agreement. (*See* Doc. No. 34 ¶ 17.) The Sixth Circuit has consistently held that plea agreement waivers of the right to appeal, including the right to bring motions under 28 U.S.C. § 2255, are generally enforceable. *See Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017); *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). As long as the appeal waiver agreement is made knowingly and voluntarily, courts will enforce the waiver. *See Morrison*, 852 F.3d at 490; *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Here, Ladd specifically waived his right to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. (Doc. No.

7

34 ¶ 17.) As is the Court's practice, the Court engaged Ladd in a Fed. R. Crim. P. 11 colloquy, wherein after placing Ladd under oath, the Court reviewed with him the plea agreement and the rights he was giving up by entering a guilty plea, including the rights he was forfeiting by means of the waiver provision, in order to insure that he understood those rights, intended to waive those rights, and further intended to change his plea to guilty. Ladd also stated that he was not threatened, coerced into pleading guilty, or made any promises in exchange for his guilty plea. Because Ladd tendered a knowing, intelligent, and voluntary guilty plea, the waiver provision in the plea agreement is enforceable and serves to bar the present collateral attack on his period of supervisory release. Accordingly, Grounds One through Three are barred by the waiver provision in the plea agreement.[2]

B. **Ladd did not Receive Ineffective Assistance of Counsel**

Ladd also claims that his counsel was constitutionally ineffective for failing to challenge the length of his supervised release. (Doc. No. 50, at 7.[3]) To make out a claim of ineffective assistance, a prisoner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that counsel's errors were so serious as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 80 L.

---

[2] The plea agreement did reserve the right to raise claims of ineffective assistance of counsel. (Doc. No. 34 ¶ 17.) Nevertheless, "[f]ederal case law is quite clear that a defendant who has agreed to waive any direct appeal or collateral attack to his sentence may not assert ineffective assistance of counsel as a means to 'end run' around the waiver provision of his plea agreement[.]" *See, e.g., United States v. Thompson*, No. 3:06-cr-56, 2008 WL 6506506, at *13 (W.D. Ky. Nov. 7, 2008) (citing *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005)). Ladd's argument that his counsel was ineffective for failing to challenge his period of supervisory release indirectly attacks the constitutionality of his sentence and was, therefore, explicitly waived by the plea agreement.

[3] Ladd argues that "[c]ounsel did not object to Gitlen grounds One or Two of this filing." (*Id*.) The Court shares the government's confusion as to what "Gitlen" is or to what case, or body of cases, this may refer. (*See* Doc. No. 60, at 6.) In any event, the Court understands Ladd to be complaining that trial counsel should have mounted a challenge to the length of supervision.

8

Ed. 2d 674 (1984); *United States v. Hanley*, 906 F.2d 1116, 1120–21 (6th Cir. 1990); *Flippins v. United States*, 808 F.2d 16, 18 (6th Cir. 1987). To prevail on a claim of ineffectiveness, a prisoner must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687–88; *see also Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

To the extent that Ladd's ineffective assistance of counsel claim is properly before the Court in these proceedings, it fails on the merits. As set forth above, with limited exceptions not applicable in this case, Ladd waived the right to appeal his conviction or sentence. Moreover, the Court placed its reasons for the supervisory period it imposed on the record, and this component of Ladd's sentence did not in any way violate the terms of the parties' agreement. Trial counsel cannot be considered ineffective for failing to pursue barred and/or meritless arguments. *See Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (finding that counsel was not constitutionally ineffectively for not pursing meritless claims); *Krist v. Folz*, 804 F.2d 944, 946 (6th Cir. 1986) (noting that "[a]n attorney is not required to present a baseless defense or to create one that does not exist"). As a result, Ladd cannot establish either that his counsel's performance fell below an objective standard of reasonableness or that any deficient performance resulted in prejudice to him. For this additional reason, Ground Three is denied.

C. **Ladd's Amendment 821, Part A Claim is Moot**

In Ground Four, Ladd argues that recent amendments to the sentencing guidelines—contained in Amendment 821, Part A—entitle him to a reduced sentence. (Doc. No. 50, at 8.) As previously noted, the Court addressed this argument when it denied Ladd's motion to reduce his

9

sentence. The Court explained its reasons for denying Ladd relief under Part A of Amendment 821 in its May 10, 2024 decision, and those reasons (and the Court's ruling) apply equally to the arguments raised in the present federal petition. (*See* Doc. No. 57.) Because nothing in Ladd's habeas petition supplies a valid reason for the Court to revisit its prior ruling, Ground Four is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, Ladd's motion to vacate is denied. Further, for all of the same reasons, the Court finds that "reasonable jurists" would not debate the Court's denial of Ladd's motion to vacate as waived, moot, and/or without merit. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: August 5, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**